**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 24-2113-JFW(KESx)** | Date: March 27, 2024 |
| Title: | Oto Analytics, Inc. -v- North American Bancard, LLC, et al. | |

**PRESENT:**
       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

     On March 14, 2024, Plaintiff Oto Analytics, Inc. ("Plaintiff") filed a Complaint in this Court against Defendant North American Bancard, LLC ("Defendant"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). However, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction'").

     Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). A limited liability company is a citizen of every state of which its members are citizens. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens"); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen"). In this case, although Plaintiff alleges that "[o]n information and belief, [Defendant's] members include business entities organized and existing under the laws of the State of Michigan" (Complaint, ¶ 4), Plaintiff fails to "affirmatively identify each member . . . and state the citizenship of each member". *See, e.g., PFFJ, LLC v. Cypress Benefit Admm'rs*, 2010 WL 3800920 (D. Ariz. Sept. 22, 2010) ("As to each party that is a limited liability company, the amended complaint must affirmatively identify each member of that party and state the citizenship of each member").

     In addition, Plaintiff's jurisdictional allegations regarding Defendant are alleged on "information and belief." Complaint, ¶¶ 4 and 10. Jurisdictional allegations based on information

and belief are insufficient to confer jurisdiction.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).  Therefore, Plaintiff has failed to demonstrate that complete diversity exists.

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **April 1, 2024**, why this action should not be dismissed for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before **April 1, 2024**, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.